RECEIVED
SDNY PRO SE OFFICE

2024 NOV 21  PM 2: 04

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Robert Derek Lurch Jr.

_____

Write the full name of each plaintiff.

No. _____
(To be filled out by Clerk's Office)

-against-

① NYSDOCCS and ② NYSDOCCS official in charge of movement (In regards to what Facilities the Plaintiff is Placed and For how long)

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

| Robert | D. | Lurch | Sr. |
|---|---|---|---|
| First Name | Middle Initial | Last Name | |

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                                State                        Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:  NYS DOCCS
First Name            Last Name                 Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City               State                 Zip Code

Defendant 2:  NYS DOCCS official In charge of Movement
First Name            Last Name                 Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City               State                 Zip Code

Defendant 3:
First Name            Last Name                 Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City               State                 Zip Code

Defendant 4:
First Name            Last Name                 Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City               State                 Zip Code

## V.  STATEMENT OF CLAIM

Place(s) of occurrence: <u>Elmira Correctional Facility</u>

Date(s) of occurrence: <u>Jan. 4, 2024 to Feb. 26, 2024</u>

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

— see Attached —

<u>Violation of Plaintiff's 8th amendment rights</u>

- A settlement agreement between the New York State Department of Corrections and Community Supervision ("DOCCS") and the New York Civil Liberties Union was approved on April 1, 2016 ("NYCLU settlement) (see Peoples v Annucci, 180 F.Supp.3d 294 (S.D.N.Y. 2016)). In Peoples, the Plaintiffs had challenged the constitutionality of solitary confinement in New York State Prisons (see Id.). In approving the NYCLU settlement, the court stated:

  > Five years after Peoples filed his initial complaint, an historic settlement was reached on behalf of thousands of prisoners, in this class action lawsuit challenging solitary confinement practices across the New York State Prison system. This settlement, which I approve today, will greatly reduce the frequency, duration, and severity of solitary confinement in New York State Prisons.

  Id at 297.

- The NYCLU settlement "provides for three broad categories of reform: (1) reduction in the frequency and duration of SHU sentences; (2) improvements to the conditions of SHU incarceration; and (3) mechanisms for implementation and enforcement of the agreed-upon measures" (Id. at 301). The NYCLU settlement also includes a mechanism for implementing and enforcing the changes over a five-year period.
- Continuing New York's solitary confinement reform, on March 31, 2021, the Humane Alternatives to Long-Term Solitary Confinement Act ("HALT") was signed into law by then-Governor Andrew Cuomo (Id. at 22).
- The HALT Act limits segregated confinement to fifteen consecutive days and twenty days within any sixty-day period (N.Y. Correct. Law § 137(6)(i)). It also bans segregated confinement for individuals who are twenty-one years or younger or fifty-five years or older; with a physical, mental, or medical disability; or who are pregnant, in the first eight weeks of post-partum recovery period, or caring for a child while in a Correctional Institution (Id. at §§ 2(33), (6)(h)).
- For individuals who cannot enter segregated confinement, the HALT act creates Residential Rehabilitation units ("RRUs"), which are "therapeutic and trauma-informed, and aim to address individual treatment and rehabilitation needs

and underlying causes of problematic behaviors" (Id. at §2(34)).

- Pursuant to the Halt act, Individuals In segregated confinement receive four hours of out of cell programming, Including one hour for recreation, and Individuals In RRUs receive at least six hours of out of cell programming with an additional hour for recreation (Id. at §137(6)(J)(i). The Halt Act has an effective date of March 31, 2022.

- Furthermore, according to the Halt Act, the definition of segregated confinement was changed to now include the confinement of an incarcerated individual In any form of cell confinement for more than 17 hours a day, other than In a facility-wide emergency or for the purposes of providing medical or mental health treatment (see Exhibits dated Sept. 19, 2024, Exhibit A).

- Now on Jan. 2, 2024, the Plaintiff was transferred from Rikers Island (GRVC, 09-09 Hazen Street) to Greenhaven Correctional Facility for a duration of two days then I was relocated to Elmira Correctional Facility on Jan 4, 2024.

- Once the Plaintiff was admitted to Elmira, the Plaintiff was given a cell and other than 15 minute feeding periods (for breakfast, lunch and dinner) as well as an hour rec period in the morning and one in the afternoon; the Plaintiff stay locked in his cell for over 21 hours a day from Jan. 4, 2024 to Feb. 26, 2024.

- During these lock-in times, Inmates were not afforded any out of cell programming and we were only afforded showers 5 times a week during one of the rec periods (gym)

- These conditions violate the Halt act and the Plaintiff's constitutional right against cruel and unusual punishment (8th amendment right).

- It was clearly established at the time of the violation of the Plaintiff's rights that an incarcerated individual being confined to cell for more than 17 hours a day constituted segregated confinement.

- Prison officials were also aware that if an incarcerated individual is subjected to the conditions described above, after a 15 day period it must come to a conclusion due to the adverse psychological effects it can have on an individual.

- In addition to being subjected to these conditions, without reason (the Plaintiff was not a maximum status inmate to begin with and was not being actively disciplined for any infractions), the Plaintiff also had to endure inhumane living conditions (rat infested cells, stopped up showers, no heat in cells during winter temperatures, etc.).

- Therefore, these defendants violated the Plaintiff's 8th amendment rights as well as the protections guaranteed to him under the Halt act.

Parties Liable: ① NYS DOCCS, ② NYS DOCCS official in charge of movement (in regards to what facilities the Plaintiff is placed and for how long)

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

(1) Emotional suffering and mental anguish, (2) physical suffering due to extreme temperatures, (3) violation of cruel and unusual punishment protections and (4) a host of other injuries.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

I'm suing any municipality listed (or entity) for $1 million dollars in compensatory damages and all individual defendants for $1 million dollars in compensatory damages and $1 million dollars in punitive damages.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 11/20/2024 | *[signature]* |
|---|---|
| Dated | Plaintiff's Signature |

| Robert | D. | Lorch |
|---|---|---|
| First Name | Middle Initial | Last Name |

314 west 40th street
~~Prison~~ Mailing Address

| New York | NY | 10018 |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

"EXHIBITS"

- In support of Plaintiff's 42 U.S.C §1983 complaint -

Name: Robert Derek Lurch Jr.   Date: 11/19/2024   Signature: _____

"EXHIBIT A"

-The Halt Act memorandum effective March 31, 2022-

 **Corrections and Community Supervision**

KATHY HOCHUL
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

## MEMORANDUM

To: All Superintendents

From: Anthony J. Annucci, Acting Commissioner

Subject: Humane Alternatives to Long Term (HALT) Solitary Confinement Implementation

Date: December 20, 2021

---

On March 31, 2021, the Humane Alternatives to Long Term (HALT) Solitary Confinement legislation was signed into law with an effective date of March 31, 2022. Since the time this was signed into law, the Department convened a Central Office Steering Committee, established sub-committees, and conducted training for all superintendents, Central Office division heads, and state-wide and local union representatives from each facility and bargaining unit. At this time, we are well positioned with policies and infrastructure changes to be compliant with the new law on March 31, 2022.

However, despite the training sessions, there are still some misconceptions about the law and its impact upon operations. With the goal of clearing up these misconceptions, set forth below is a broad summary of the practical implications of the changes required by HALT.

## SEGREGATED CONFINEMENT

- The definition of segregated confinement was changed to now include the confinement of an incarcerated individual in any form of cell confinement for more than 17 hours a day, other than in a facility-wide emergency or for the purposes of providing medical or mental health treatment.
- No incarcerated individual may be placed in SHU for longer than necessary and no more than 15 consecutive days or twenty total days in any 60-day period, unless the conduct constitutes a violent felony act, then the individual can be returned to SHU as long as they have spent 15 days in a Residential Rehabilitation Unit (RRU) prior to retuning to SHU.
- If an incarcerated individual receives a disciplinary confinement sanction of more than 15 days, they will be transferred to a RRU or SDU to complete their disciplinary confinement. Sanctions are NOT capped at 15 days but will be in line with the previously published disciplinary guidelines.
- While in SHU, each incarcerated individual will be offered four hours of out-of-cell programming per day, including at least one hour of recreation.
- Incarcerated individuals who have been identified as Seriously Mentally Ill (SMI) and those defined as special population (see below), are prohibited from being placed in SHU, but will be diverted to a special unit (diversion, RMHU, TBU, CAR, BHU, ICP), RRU, or SDU.

Humane Alternatives to Long Term (HALT) Solitary Confinement Implementation
December 20, 2021
Page 2

## RESIDENTIAL REHABILITATION UNIT (RRU)

- Defined in law as a housing unit used for therapy, treatment, and rehabilitative programming of incarcerated people who have been determined to require more than 15 days of segregated confinement pursuant to Department proceedings. Such units shall be therapeutic and trauma-informed and aim to address individual treatment, rehabilitation needs, and underlying causes of problematic behaviors.
- While in an RRU, each incarcerated individual will be offered seven hours of out-of-cell programming (six hours of congregate programming, services, treatment, recreation activities and/or meals, with an additional one hour for recreation).
- Upon admission, each incarcerated individual will receive an assessment, and an individual rehabilitation plan will be developed, with progress assessed every 60 days to determine if early release is warranted (time cut).
- Restraints will not be used when participating in out-of-cell programming unless an individual assessment is made which would then allow for restraints.
- Individuals will be discharged from an RRU one year from their initial admission or within 60 days of a fixed or tentatively approved release date. Individuals can transition to general population, SDU, or Step-Down to the community units.

## PROTECTIVE CUSTODY

- The law prohibits incarcerated individuals who are being held in protective custody status to be placed in SHU for any reason.
- Any designated protective custody units shall offer seven hours of out-of-cell time.
- Facilities will need to leverage their infrastructure to separate incarcerated individuals who identify as needing protective custody, as each facility will not have a protective custody unit.

## HEARINGS/PRE-HEARING CONFINEMENT

- If an incarcerated individual is in pre-hearing confinement, the disciplinary hearing must commence within five days.
- If an incarcerated individual appearing at the hearing requests a postponement to be offered an assistant, representation by an attorney, paralegal, law student, or other incarcerated individual, the hearing will be postponed; however, every attempt will be made to complete the hearing before 15 days in SHU and transfer to an RRU.
- The Department has established and will publish objective criteria for use in approving other incarcerated individuals who are identified to be a representative.
- All external representatives and potentially incarcerated representatives will participate in the hearing by telephone.

Humane Alternatives to Long Term (HALT) Solitary Confinement Implementation
December 20, 2021
Page 3

## SPECIAL POPULATIONS

- Defined as any incarcerated individual that is 21 years of age or younger; 55 years of age or older; with a disability as defined in Executive Law Section 292(a); pregnant or in the first eight weeks of the post-partum recovery period after giving birth or caring for a child in a correctional institution.

## TRAINING

- All staff assigned to SHU or RRU, and their supervisors will undergo specialized training prior to being assigned to the unit.
- Prior to presiding over a Superintendents Hearing, all hearing officers shall undergo a minimum of 37 hours of training with one additional day each year thereafter.

This memo is not intended to be an all-inclusive summary of HALT, but rather, a tool to provide a basic understanding of the broad provisions of the law. Our hope is that by providing incarcerated individuals, who engage in misbehavior, with the ability to safely participate in out-of-cell programming that emphasizes cognitive behavior therapy to address the underlying cause of their behavior, we will see increased safety in our institutions, which will benefit everyone, including staff, incarcerated individuals, volunteers, and visitors. Over ironclad commitment is that, as these changes are implemented, everyone's safety will remain our utmost priority.

The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050 | (518) 457-8126 | www.doccs.ny.gov